Stanard, J.
After the answer had come in, denying all the facts on which the bill sought to impeach or set aside the settlement of January 1823, and indeed shewing some of them to be unfounded, it was not reguiar to send the cause to account, as was done in this case, on a motion to dissolve the injunction, when there was at that time no evidence in the case to sustain the allegations of the bill, or to impeach the settlement in the particulars specified in the bill, or in respect to matters not so specified : nor could the court at that time, have properly dismissed the bill, as the cause was not before the court on a hearing. But the order of account having been made, the parties proceeded with their proofs before the commissioner; and the facts developed there, if they do not sustain the specific objections to the settlement taken in the bill, and in those respects establish a surcharge thereof, ascertain to my satisfaction that the settlement may be justly surcharged in other respects. This being so, one of two courses might have been taken by the court below. If that court had pursued the strictest and most technical rule of practice, it might have declined to proceed to grant the plaintiff relief in respect to the objections to the settlement shewn by the evidence though not noticed by the' bill, unless the plaintiff amended his bill in this respect, and urged those objections as further matter of surcharge and falsification of the account, so as to afford the defendant the benefit of the explanation and defence he might make by his answer to such amended bill. Or, dispensing with this circuitous and formal proceeding, the court might permit the commissioner to proceed in respect of the matters embraced by the objections so developed, in like manner as if they had been noticed by the bill. My opinion is, that it was within the competency of the court to take the latter course. Such a practice seems to me recommended by many considerations. It is more compendious and *444 less expensive, and tends to prevent or shorten those delays in the administration of justice, which are grievanees admitted by all, and by many urged as a reproach to its ministers. Every object of the more formal proceeding, and every privilege of defence it would afford, may be attained under this more summary practice. If the defendant should object that he is surprised by the new objections to the account, the court may and ought to give him time to combat them ; and if he urges the privilege he would have by answer to an amended bill, to explain and defend the account in these respects, that privilege may and ought to be secured to him, by allowing time to file his affidavit containing such explanation and defence, and giving to such affidavit the like credit and effect as his answer containing the like matter would be entitled to. Thinking that several errors are shewn in the settlement of January 1823, by the proofs in the case and the investigations of the commissioner, my opinion is that the proposition of the appellant, that the bill ought to be dismissed because those errors had not been specifically noticed therein, cannot be sustained.
Proceeding to the other questions brought before this •court by the appeal, the first and most important is that presented by the 8th exception of the appellant to the report of commissioner Johnston.' My opinion is that-that exception ought to have been sustained. By it the appellant insists, that the charge of interest on his payments should be governed by the agreement of the parties, made the 20th of April 1822; and that the court below, in overruling that exception, in effect not only cancelled that agreement, but also the former agreements made by the parties, under which, if carried into •effect, the appellant would have been entitled to a large allowance of interest. Waiving the investigation of the •question how far the stipulations in some of the contracts between the parties, that the purchase money *445 should be payable when a complete and unincumbered^ title should he made, would postpone the accrual of interest on the purchase money until such title should be made, even though the purchaser had possession before that time; and without scrutinizing the particular agreements made by the parties in regard to the interest on some of the payments made intermediately between the contracts of purchase and the conveyance of a complete title, I have no doubt that the claims of the appellant founded on such stipulations and agreements might be compromised by the parties, and that a compromise of them ought not to be disturbed unless on specific allegation and proof of fraud, imposition or mistake. In this case, the agreement in question was a compromise of the claims aforesaid, and so far from being impeached by the bill, there is no allusion to it in the bill, and the only evidence in respect to it (that of B. JEstill) instead of fastening on it the stain of fraud or imposition, tends to free it from that imputation.
Besides, if this compromise were disregarded, and the rights of the parties depended on the effect of the stipulations and previous agreements aforesaid, it is at least problematical whether more interest would not be allowed to the appellant, or withheld from the appellee, than is so under the compromise. The result is, that in the settlement of the accounts, that compromise ought to regulate the charge or allowance of interest on the payments that were to bear interest, and on the purchase money. I am further of opinion that the settlement of January 1823 should be the basis of a resettlement, rejecting from that account such items of charges to the appellee as are ascertained to be incorrect or improper, and giving him the proper credits that have been omitted.
[The judge proceeded to express an opinion on such of the details of the case as had been brought under the notice of the court below, and pointed out the ere *446 dits omitted in the settled account which should be gij ven to the appellee, and the charges against him there-'s in which were improperly made; and concluded as follows:]
One of the results of the view I have taken of the case is, that the reports of both the commissioners are entirely wrong in the frame they have given the accounts. The balance appearing due on the settlement of January 1823 having been paid by the appellant, and his due bill taken in, the extent of the errors of that settlement was ascertainable by adding the errors of the charges to the appellee to the amount of the omissions of credit, and the sum was the measure of relief to which he was entitled. If that sum exceeded the injoined judgment, the court should have perpetuated the injunction, and decreed in favour of the appellee for the excess; if it was less than the judgment, it should have been set off against the judgment, the injunction dissolved for the excess of the judgment and perpetuated for the amount set off, and in both cases the costs ought to have been decreed to the appellee, and in the latter case the court should have certified against damages on the sum for which the injunction was dissolved.
The decree of the court of appeals was in conformity with the foregoing opinion. This decree (in which all the judges concurred) declared, that the title of the appellee to the relief he sought in the court below, depended on his success in shewing errors in the settlement of January 1823, either in the charges made against him or the credits allowed him in that settlement; and that, as a consequence of this, when the commissioner proceeded to execute the order of account made by the court below, he should have confined himself to a statement of those errors, the sum of which was the proper measure of relief to which the *447 appellee was entitled. It further declared, that in executing the order of account, the commissioner should have been governed by the agreement between the parties dated the 20th of April 1822, in relation to the allowance of interest on the payments of the appellant, before the 20th of November 1819, on account of his several purchases of land, and the allowance of interest to the appellee on the purchase money of the lands sold the appellant; interest on, that purchase money not accruing, under that agreement, before the said 20th of November 1819.
On the proofs in the record, the settlement of January 1823 was declared to be surchargeable, for omitting to credit the appellee with particular sums, and improperly charging him with others; all of which were specified in the decree. It was then declared, that the reports of both the commissioners are radically wrong in the manner of stating the accounts, as well as erroneous in many respects; and that they should be entirely set aside, and a new account taken, which should not go at large into the transactions,between the parties, but should simply state the erroneous charges to the appellee, and the credits to which he was entitled but which were omitted, in the settled account of January 1823, the aggregate of which is the proper measure of relief to which he is entitled j and if that aggregate should exceed the amount of the injoined judgment, the injunction should be perpetuated and a decree rendered in favour of the appellee for the excess, and if not equal to the judgment, it should be set off against it, and the injunction should be dissolved for the excess of the judgment; and in either case the costs in the court below should be decreed to the appellee, and in the latter the court should certify against damages on the amount for which the injunction may be dissolved. The court therefore adjudged and decreed, that so much of the interlocutory orders of the circuit superior court of *448 law and chancery for the county of Wythe, made in this cause, as may conflict with the foregoing opinions be reversed and annulled, and that the appellant recover of the appellee the costs by him expended in the prosecution of his appeal in this court, to be levied &c. And the cause was remanded to the said circuit superior court of law and chancery, for further proceedings according to the principles of this decree.